■ FREW RUN GRAVEL PRODUCTS, INC., Respondent, v TOWN OF CARROLL et al., Appellants.—Order unanimously reversed, on the law, with costs, and petition dismissed. Memorandum: The Town of Carroll Zoning Enforcement Officer notified petitioner that its gravel and sand operation was being conducted in violation of the Town Zoning Law. The property is situated in an AR-II zoning district where gravel and sand operations are not permitted as a matter of right or by special permit.

After obtaining a mining permit from the State Department of Environmental Conservation (DEC), petitioner commenced this proceeding for a permanent injunction restraining the town from enforcing its Zoning Law so as to bar extractive mining operations pursuant to the DEC permit. We disagree with the court's finding that the Town Zoning Law was superseded by ECL 23-2703 (2), which provides: "For the

purposes stated herein, this title shall supersede all other state and local laws relating to the extractive mining industry; provided, however, that nothing in this title shall be construed to prevent any local government from enacting local zoning ordinances or other local laws which impose stricter mined land reclamation standards or requirements than those found herein."

If a local government is otherwise authorized to legislate, it is not prohibited from doing so unless the State, expressly or impliedly, has evinced "an unmistakable desire" to avoid the possibility that the local law will be inconsistent with State law *(People v New York Trap Rock Corp.,* 57 NY2d 371, 378; *Monroe-Livingston Sanitary Landfill v Town of Caledonia,* 51 NY2d 679, 683). The Town Zoning Law is not a law "relating to the extractive mining industry". To the extent the local law bars gravel and sand operations from an AR-II zone, it does not purport to regulate an industry. It simply seeks to regulate land use generally. The Environmental Conservation Law was not designed to regulate the use to be made of land within a town's zoning district. Thus, there is no possibility that the zoning provision at issue here could conflict with State law. (Appeal from order of Supreme Court, Chautauqua County, Adams, J.—permanent injunction.) Present—Dillon, P. J., Denman, Boomer, Pine and Balio, JJ.