■ DOUGLAS MORRELL et al., Respondents-Appellants, v C.I.D. LANDFILL, INC., Appellant-Respondent.—Order unanimously modified, on the law, and, as modified, affirmed, with

costs to plaintiffs, in accordance with the following memorandum: Plaintiffs instituted this action pursuant to Town Law § 268 for private enforcement of a zoning ordinance and for an injunction precluding defendant landfill from carrying on its mining activity until it obtains town approval. Town of Sardinia Zoning Ordinance § 7.07 requires town approval before excavation, stockpiling, and sale of mineral matter may be carried on in a residential and agricultural district and empowers the town to impose certain conditions upon such approval to prevent nuisance and to "assure such final grading and other treatment as will produce a safe and useful area when operations have been discontinued".

On appeal from an order denying the parties' motions for injunctive relief and summary judgment, plaintiffs contend that they are entitled to an injunction pursuant to Town Law § 268 based on admission in defendant's answer that it is engaged in mining without town approval. Defendant contends that it is entitled to summary judgment on the ground that the zoning ordinance is preempted by ECL 23-2703 and, in the alternative, that the ordinance is inapplicable to defendant because it is not engaged in the sale of excavated material. Because there is no dispute that defendant is engaged in mining without town approval, we grant judgment to plaintiffs enjoining defendant from carrying on such activities until it obtains town approval pursuant to the ordinance.

We reject defendant's argument that the ordinance is preempted by the ECL. While ECL 23-2703 (2) provides for preemption of "local laws relating to the extractive mining industry" *(see, Matter of Northeast Mines v State of New York Dept. of Envtl. Conservation, 113 AD2d 62, appeal dismissed 67 NY2d 917)*, nothing in that provision evinces any legislative intent to preempt local land use regulation generally, including a town approval requirement *(see, Frew Run Gravel Prods. v Town of Carroll, 125 AD2d 928 [decided herewith])*. On the contrary, ECL 23-2711 (10) provides, "[n]othing in this title shall be construed as exempting any person from the provisions of any other law or regulation requiring a permit." Similarly, the provisions of the ordinance authorizing the town to impose conditions on its approval in order to prevent nuisance are valid land use regulations not preempted by the ECL *(Frew Run Gravel Prods. v Town of Carroll, supra)*. The provisions authorizing the town to impose conditions relating to final grading are valid local "mined land reclamation standards" expressly authorized by ECL 23-2703 (2).

Finally, we reject defendant's argument that the ordinance

is inapplicable to it because it is not engaged in the sale of excavated material. The ordinance makes excavation activity subject to the town approval requirement regardless of whether it is conducted in conjunction with sale of excavated material. (Appeals from order of Supreme Court, Erie County, Ricotta, J.—injunction.) Present—Denman, J. P., Boomer, Pine, Lawton and Schnepp, JJ.