■ In the Matter of VOORHEESVILLE SAND AND STONE COMPANY, INC., et al., Respondents, v TOWN OF NEW SCOTLAND et al., Appellants, and JOHN C. SGARLATA et al., Intervenors-Appellants.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (McDermott, J.), entered July 9, 1987 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* declare that ECL 23-2703 preempts zoning ordinances of respondent Town of New Scotland and authorizes petitioners to operate their mine pursuant to their State permit.

Respondent Town of New Scotland in Albany County enacted a zoning ordinance in 1981 which authorized mining of fill, gravel and loam as a special use only in "residential forestry" zoning districts. In May 1984, the town amended the ordinance to additionally allow mining as a special use in "low density residential" and "industrial" districts. In October 1984, petitioner William M. Larned and Sons, Inc., acquired land in an industrial district and began to apply for the permits necessary to conduct a mining operation on the land. Petitioner Voorheesville Sand and Stone Company, Inc., applied to respondent Planning Board of the Town of New Scotland for a special use permit to mine Larned's land. In March 1985, petitioners obtained a mining permit from the Department of Environmental Conservation (EnCon). On May 27, 1986, a public hearing on petitioners' application for a special use permit commenced. The hearing was adjourned indefinitely, and before it was completed, the Town Board, on September 3, 1986, repealed the 1984 zoning ordinance amendment which had allowed mining as a special use in low density residential and industrial zones. On December 9, 1986, the Planning Board denied petitioners' application for a special use permit on the ground that mining was no longer an authorized special use in an industrial district.

Petitioners commenced this hybrid CPLR article 78 proceeding/declaratory judgment action seeking, *inter alia,* a declaration that, because it holds a mining permit issued by EnCon, the town could not use its zoning ordinance to prohibit it from conducting a mining operation or, in the alternative, that the Planning Board be required to issue a special use permit. Certain individuals were allowed to intervene as respondents. Supreme Court granted petitioners' application, holding that the mining permit issued by EnCon preempted the town's zoning ordinance. This appeal by respondents and intervenors ensued.

ECL 23-2703 (2) states: "For the purposes stated herein, this title shall supersede all other state and local laws relating to the extractive mining industry; provided, however, that nothing in this title shall be construed to prevent any local government from enacting local zoning ordinances or other local laws which impose stricter mined land reclamation standards or requirements than those found herein."

The Court of Appeals has recently held that this language does not prohibit local authorities from enacting zoning ordinances which forbid mining as a use in a particular zone (*Matter of Frew Run Gravel Prods. v Town of Carroll*, 71 NY2d 126, *affg* 125 AD2d 928). Thus, it is clear that the judgment appealed from must be reversed, and respondents are entitled to partial summary judgment in the form of a declaration that the provisions of the State statute did not prohibit the town from amending its zoning ordinance to disallow mining as a special use in an industrial district. Since petitioners raise a number of other challenges to the amendment of the zoning ordinance and the denial of petitioners' application for a special use permit, the matter must be remitted to Supreme Court for resolution of such issues.

Judgment reversed, on the law, without costs, it is declared that the provisions of the Mined Land Reclamation Law (ECL art 23, tit 27) do not preempt provisions of the zoning ordinance of respondent Town of New Scotland which prohibit mining as a permitted or special use in an industrial district, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Weiss, Levine and Harvey, JJ., concur.