In the Matter of NORTHEAST MINES, INC., et al., Respondents, v STATE OF NEW YORK DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Appellant, and TOWN OF SMITHTOWN, Intervenor-Appellant.

Third Department, November 15, 1985

### APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Val E. Washington, Peter H. Schiff* and *Kathleen Liston Morrison* of counsel), for appellant.

*Stephen P. Scaring, P. C. (Richard P. Broder* and *Peter R. Newman* of counsel), for respondents.

*Donald R. Blydenburgh, Town Attorney (Linda A. Findlay* of counsel), for intervenor-appellant.

### OPINION OF THE COURT

LEVINE, J.

Petitioners own and operate a sand and gravel mining business on a large parcel of land in the Town of Smithtown (Smithtown), Suffolk County. They applied for and were

granted a permit to conduct their mining operations from respondent, the Department of Environmental Conservation (DEC), pursuant to the provisions of the Mined Land Reclamation Law (ECL art 23, tit 27, as added by L 1974, ch 1043 [hereinafter the act or the statute]). Smithtown, however, attempted to prevent their mining activities through enforcement of its local ordinance (Smithtown Code of Ordinances ch 30) governing removal of earth and earth products, and under which petitioners could not excavate to the depth authorized under their State permit.

Petitioners challenged Smithtown's right to impose such greater restrictions on the ground that the statute, under which they were licensed by the State, superseded the local ordinance. Petitioners relied upon ECL 23-2703 (2), which provides that: "this title shall supersede all other state and local laws relating to the extractive mining industry; provided, however, that nothing in this title shall be construed to prevent any local government from enacting * * * local laws which impose stricter mined land reclamation standards * * * than those found herein." Smithtown then applied to DEC for a declaratory ruling as to whether its ordinance was preempted. By initial declaratory ruling and then on a second ruling made upon petitioners' request for reconsideration, DEC determined that Smithtown's ordinance was valid and was not preempted by the act, interpreting ECL 23-2703 (2) as superseding local laws only insofar as such laws are less strict in regulating mining and reclamation operations. Petitioners then sought review of these determinations through the instant CPLR article 78 proceeding. Special Term held that DEC's construction of the pertinent statutory provision was erroneous, that the act preempted Smithtown's ordinance and annulled DEC's rulings. This appeal followed.

We affirm. In ruling that ECL 23-2703 (2) does not preclude Smithtown from barring petitioners' mining operations which are otherwise authorized under their State permit, DEC focused entirely on the foregoing proviso in ECL 23-2703 (2) giving localities the right to impose stricter *mined land reclamation* standards than those under the act. DEC, however, ignored the express language of ECL 23-2703 (2) that the act "shall supersede all other state and local laws relating to the extractive mining industry". In effect, DEC's construction excises the word "supersede", and reads the section as though only the proviso was contained therein. Under familiar canons of construction, a statutory term as significant as "supersede"

is presumed to have been used purposefully and should be given effect in its ordinary meaning *(see, Cahen v Boyland,* 1 NY2d 8, 13-14). This is particularly applicable in construing the ECL, in view of the Legislature's demonstrated awareness of, sensitivity to and deliberately selective treatment of potential conflicts between State and local regulation of activities affecting the environment. In some subjects of such regulation, stricter local laws are expressly *not* to be preempted by State legislation *(e.g.,* ECL 19-0790 [air pollution controls], 27-0711 [solid waste and refuse disposal]); in other areas, the State law expressly precludes any subsequent local legislation (ECL 27-1017 [local beverage container laws]), or expressly provides that DEC's approval totally supersedes local regulation (ECL 27-1107 [siting of industrial hazardous waste treatment, storage and disposal facilities]); in still another instance, as here, superseder is stipulated, subject to a proviso excepting certain kinds of permissible local regulation (ECL 23-0303 [2] [oil, gas and solution mining]). Thus, is it not reasonably arguable that the Legislature was oblivious to the implications of providing that the act supersedes local regulation of the extractive mining industry. Indeed, DEC's construction of the act as merely setting minimum standards for mining as well as reclamation effectively transforms ECL 23-2703 (2) into the previously cited sections of the ECL which expressly disclaim superseder of consistent local laws and further stipulate that such local laws are not inconsistent if they "comply with at least the minimum applicable requirements * * * in any code, rule or regulation promulgated pursuant to this article" (ECL 19-0709; *accord,* ECL 27-0711).

We are unable to discern the conflict which DEC and Smithtown assert exists between the foregoing literal meaning of the preemptive language of ECL 23-2703 (2) and the remainder of the act or its statutory purpose. Elsewhere, as well as in ECL 23-2703 (2), the act treats mining and reclamation as discrete activities. They are separately defined (ECL 23-2705 [8], [14]), and DEC's own regulations have interpreted and implemented the statute so as to require separate plans for each function (6 NYCRR 422.2, 422.3). The declared policy of the Legislature in enacting the statute was not only to insure environmentally compatible reclamation of mined lands, but "to foster and encourage the development of an economically sound and stable mining and minerals industry" (ECL 23-2703 [1]). It was consistent with these dual purposes to provide, in effect, by ECL 23-2703 (2), for a State-wide

standard for regulation of the mining aspect of the industry's operations, while recognizing the legitimate concerns of localities in the aftereffects of mining by permitting stricter local control of reclamation.

Thus, in our view the instant case presents an even stronger indication of express statutory preemption of local laws than those presented in *Consolidated Edison Co. v Town of Red Hook* (60 NY2d 99) and *Robin v Incorporated Vil. of Hempstead* (30 NY2d 347), and is indistinguishable from *Matter of Envirogas, Inc. v Town of Kiantone* (112 Misc 2d 432, *affd* 89 AD2d 1056, *lv denied* 58 NY2d 602) in construing a parallel provision (ECL 23-0303 [2]).

For all of the foregoing reasons, we agree with Special Term's rejection of DEC's interpretation of the statute and, accordingly, its judgment should be affirmed.

MAHONEY, P. J., KANE, CASEY and WEISS, JJ., concur.

Judgment affirmed, with costs.