■ In the Matter of BRIARCLIFF ASSOCIATES, INC., Respondent, v TOWN OF CORTLANDT et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Cortlandt dated October 21, 1986, which, *inter alia,* directed the respondent to prepare a draft environmental impact statement prior to the issuance of an excavation permit pursuant to Town of Cortlandt Code chapter 31, the appeal is from a judgment of the Supreme Court, Westchester County (Marasco, J.), dated September 18, 1987, which granted the petition on the ground that Town of Cortlandt Code chapter 31 had been superseded by the New York State Mined Land Reclamation Law (ECL art 23, tit 27).

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, and the proceeding is dismissed on the merits.

In August of 1985 the petitioner Briarcliff Associates, Inc. took title to a 117-acre parcel of land located within the Town of Cortlandt to operate the existing emery quarry situated thereon. The quarry had been in existence since the early part of this century; however, it appears that in recent years there has been a significant decrease in quarrying activities. Consequently, although at all times pertinent to the instant case the area remained a "Q-D" zone in which a quarry is a permitted use (Town of Cortlandt Code § 88-15), many homes had been built in the surrounding area.

Upon taking possession of the property, the petitioner commenced blasting and excavations. Neighboring residents complained to town authorities about the noise and vibrations, and it appears that flying debris actually pierced the walls of one neighboring home. Town authorities ordered the petitioner to stop work and to apply for an excavation permit pursuant to Town of Cortlandt Code chapter 31. Town of Cortlandt Code § 31-3 requires that a permit be secured "[b]efore any excavation is commenced for any purpose".

The petitioner submitted the required excavation permit application and a public hearing was held before the Town Board of the Town of Cortlandt. The minutes of the public hearing disclose that the petitioner's activities would far exceed those of its predecessors in intensity. Additionally,

instead of emery, the primary product to be mined would be crushed stone. Approximately 50,000 cubic yards would be quarried annually, necessitating between 48 and 60 truck trips daily. Local residents expressed their opposition, citing fears of dangers to their children, damage to their property and generally a decline in the quality of life they had enjoyed during the quarry's relative inactivity. By resolution dated October 21, 1986, the Town Board of the Town of Cortlandt adopted a "Positive Declaration and Scope" for a draft environmental impact statement (hereinafter DEIS) to be prepared pursuant to the State Environmental Quality Review Act (SEQRA; ECL art 8). Consideration of the petitioner's permit application was suspended pending receipt and evaluation of the DEIS.

The petitioner then commenced the instant proceeding, challenging the authority of the town insofar as it required an excavation permit. The petitioner argued that Town of Cortlandt Code chapter 31 was a local ordinance purporting to regulate mining and hence was expressly superseded by the Mined Land Reclamation Law (ECL art 23, tit 27). The court agreed with this argument finding that "[t]he inescapable conclusion from the clear language of ECL § 23-2703(2) is that Chapter 31 has been preempted by title 27 of the Environmental Conservation Law". Accordingly, it held that the Town of Cortlandt had no authority to require that the petitioner obtain an excavation permit and thus no basis to require the preparation of a DEIS. The instant appeal ensued.

One of the express purposes of the Legislature in enacting the Mined Land Reclamation Law was to "foster and encourage the development of an economically sound and stable mining and minerals industry" (ECL 23-2703 [1]) by adopting "uniform restrictions and regulations to replace the existing 'patchwork system of [local] ordinances' " (*Matter of Frew Run Gravel Prods. v Town of Carroll*, 71 NY2d 126, 132). Thus, the Supreme Court was correct in its finding that insofar as it attempts to regulate excavation and mining activities, Town of Cortlandt Code chapter 31 is just the type of local ordinance which the Legislature intended to supersede *(see, Matter of Northeast Mines v State of N. Y. Dept. of Envtl. Conservation*, 113 AD2d 62, *lv denied* 68 NY2d 612). Moreover, we reject the contention advanced by the town and by the *amici curiae* that chapter 31 is a "zoning" ordinance and thus within the preemption exception in the Mined Land Reclamation Law (ECL 23-2703 [2]). Although a municipality may prescribe where a mining enterprise may be undertaken

within local boundaries pursuant to its zoning authority *(Matter of Frew Run Gravel Prods. v Town of Carroll, supra,* at 133-134), the quarry in the instant case was indeed situated within a "Q-D" zone with in which a quarry is a permitted use. Thus the rationale of *Frew Run* is inapposite to the matter at bar. This does not, however, end our inquiry.

Town of Cortlandt Code chapter 31 has a dual purpose. In addition to purporting to regulate excavations, chapter 31 regulates the reclamation of mined land. ECL 23-2703 (2) expressly provides that nothing within the Mined Land Reclamation Law "shall be construed to prevent any local government from enacting * * * local laws which impose stricter mined land reclamation standards or requirements than those found herein". Notwithstanding the appellants' counsel's apparent contradictory position at oral argument, we are nonetheless persuaded that the mined land reclamation standards within chapter 31 are "stricter" than those contained within the Mined Land Reclamation Law.

Town of Cortlandt Code § 31-5 addresses revegetation of mined land. Except for the first sentence thereof, which prohibits removal of topsoil within 10 feet of any property line, and the third sentence, which prohibits topsoil removal between the first day of October and the first day of April, this section remains efficacious as it sets forth specific reclamation standards which are clearly more stringent than any found within the Mined Land Reclamation Law or its accompanying regulations (6 NYCRR 422.3). Town of Cortlandt Code § 31-5 (A) requires the application of one ton of limestone per acre of ground. Section 31-5 (B) requires the use of "5-10-5" fertilizer at a rate of 800 pounds per acre. Section 31-5 (E) directs that an approved mixture of grass seed be applied at a rate of 100 pounds per acre. The parallel State regulations governing revegetation (6 NYCRR 422.3 [d] [2] [vi]) do not set forth such specific instructions intended to be tailored to a specific local topography. Rather the State regulations set forth more general criteria allowing greater discretion in land reclamation "consistent with site capabilities" (6 NYCRR 422.3 [d] [2] [vi] *[b]).* Insofar as "strict" is defined as "precise * * * governed * * * by exact rules" (Black's Law Dictionary 1275 [5th ed 1979]), clearly the local ordinance sets forth "stricter mined land reclamation standards or requirements than those [set forth in the Mined Land Reclamation Law]" (ECL 23-2703 [2]).

Similarly, Town of Cortlandt Code § 31-6 (E) at great length sets forth specific requirements as to "[p]lantings and planting plans" with specific provisions giving the town the authority

to review and approve the proposed revegetation plans. Further, corresponding releases of moneys posted by the miner as a surety bond are provided for, depending upon the degree of success in restoring the land. Certainly, given the Mined Land Reclamation Law's concomitant purpose to reclaim mined land to a "reasonable state of usefulness and attractiveness" (1974 NY Legis Ann, at 134), these stricter local provisions encompassing a mechanism for local oversight and approval do not conflict with the legislative intent behind the Mined Land Reclamation Law *(Matter of Frew Run Gravel Prods. v Town of Carroll, supra,* at 132). While the full panoply of State regulations may be more comprehensive, the mined land reclamation provisions within Town of Cortlandt Code chapter 31 are indeed "stricter".

In sum, those portions of chapter 31 which attempt to regulate the actual operation of a mine or quarry are expressly superseded. These consist of the aforementioned sentences within Town of Cortlandt Code §§ 31-5 and 31-4 in their entirety. The remainder of chapter 31, which is properly severable pursuant to Town of Cortlandt Code § 31-14 (A) *(see, Buckley v Valeo,* 424 US 1, 108-109; *see generally,* Sutherland, Statutory Construction § 44.03-44.04 [4th ed]), remains a valid and enforceable stricter land reclamation law. Accordingly, the town could properly require that the petitioner obtain a permit so that its land reclamation plan could be reviewed. As the town had an "action" before it (6 NYCRR 617.3 [a]) to approve, it could properly require the submission of a DEIS (ECL 8-0109 [2]) so that it could take the requisite "hard look" at the petitioner's proposed project *(see, Matter of Rye Town/ King Civic Assn. v Town of Rye,* 82 AD2d 474, 478, *lv dismissed* 56 NY2d 985, *rearg denied* 57 NY2d 775; *see also, Matter of Salmon v Flacke,* 61 NY2d 798, 800).

Accordingly the judgment appealed from is reversed, the determination is confirmed, and the proceeding is dismissed on the merits. Mollen, P. J., Kunzeman, Rubin and Eiber, JJ., concur.