■ KEITH G. HAWKINS, Individually and as Trustee under the Will of CLIFFORD D. HAWKINS, Deceased, Respondent, v TOWN OF PREBLE, Appellant.—Weiss, J. Appeal from an order and judgment of the Supreme Court (Tait, Jr., J.), entered March 18, 1988 in Cortland County, which granted plaintiff's motion for summary judgment and declared a section of defendant's zoning ordinance to be void.

Plaintiff is the equitable owner of 40 acres of land in the Town of Preble, Cortland County, under a May 1985 contract providing for his acquisition of the acreage. The contract is conditioned upon the issuance of necessary permits and approvals for a gravel mining operation. At a special town meeting on May 6, 1987, town officials rejected plaintiff's request to repeal section 27 of the Town Zoning Ordinance, which pertains to the mining of gravel, sand and other aggregates. After filing an application with the State Department of Environmental Conservation for permission to mine sand and gravel on the 40 acres (see, ECL 23-2711), plaintiff commenced this action against the town for a judgment declaring section 27 to be "unlawful, invalid, unconstitutional and unenforceable". Supreme Court granted plaintiff's motion for summary judgment and declared that the provisions of the New York State Mined Land Reclamation Law (ECL art 23, tit 27)

superseded section 27 of the Town Zoning Ordinance. On this appeal, the town contends that its zoning ordinance does not regulate the extractive mining industry in contravention of ECL 23-2703 (2), but merely establishes a specific geographic area in which mining is prohibited. We disagree.

The governing provisions may be quickly identified. Section 27 of the Town Zoning Ordinance essentially provides that "the removal of sod, loam, sand, gravel, or quarried stone * * * *shall be prohibited from below the water table*" (emphasis supplied). ECL 23-2703 (2) specifies, in pertinent part, that "this title shall supersede all other state and local laws relating to the extractive mining industry". The issue distills to whether the Town Zoning Ordinance in effect regulates sand and gravel mining, for if it does, it has been superseded by ECL 23-2703 (2). As indicated, the town maintains that its zoning ordinance is not an attempt to regulate the actual operation of the extractive mining industry. Rather, the town argues that the ordinance is a conventional land use regulation which, given the town's topography, serves to specifically prohibit mining in the area identified as the Preble Valley. The town relies upon Statute of Local Governments § 10 (6) and Town Law § 261 for its implementing authority, and cites to *Matter of Frew Run Gravel Prods. v Town of Carroll* (71 NY2d 126), which upholds the right of a municipality to generally regulate land use even if the exercise of such regulation may produce incidental control of the mining industry.

The subject ordinance, however, does not designate with any specificity the boundaries of the prohibited zones. The town acknowledges that the ordinance is not written in traditional geographic terms, but explains that the water table depth limitation was an unorthodox attempt to define the Preble Valley area. This thesis is unconvincing. By its terms, the ordinance prohibits mining below the water table on *all* lands in the town (except in connection with construction of a building on the same lot). The effect is not a general prohibition of mining in the town, or any particular district, but an express limitation of the mining process. Thus, the town's characterization of section 27 of its zoning ordinance as a general land use regulation akin to the Town of Carroll ordinance approved in *Matter of Frew Run Gravel Prods. v Town of Carroll (supra,* at 131) is inaccurate. Actually, section 27 is virtually indistinguishable from the Town of Smithtown ordinance, governing the removal of earth and earth products, which this court deemed preempted by ECL 23-2703 (2) in

*Matter of Northeast Mines v State of New York Dept. of Envtl. Conservation* (113 AD2d 62, *appeal dismissed* 67 NY2d 917, *lv denied* 68 NY2d 612). The same result obtains here. Accordingly, Supreme Court properly determined that ECL 23-2703 (2) supersedes section 27 of the Town Zoning Ordinance and invalidated the provision.

Order and judgment affirmed, without costs. Kane, J. P., Weiss, Levine and Mercure, JJ., concur.