SEABOARD CONTRACTING & MATERIAL, INC., Respondent, v TOWN OF SMITHTOWN et al., Appellants.

Second Department, May 8, 1989

### APPEARANCES OF COUNSEL

*Twomey, Latham, Shea & Kelley (Maureen T. Liccione* and *Catriona Glazebrook* of counsel), for appellants.

*Cole & Deitz (Joseph A. DiBenedetto* and *Joseph G. Colao* of counsel), for respondent.

*E. Thomas Boyle, County Attorney (Caroline Levy* of counsel), for Suffolk County Planning Commission, *amicus curiae.*

### OPINION OF THE COURT

Per Curiam.

The plaintiff brought this action for a judgment declaring that the provisions of Town of Smithtown Code chapters 44A and 54 are unconstitutional insofar as they are applicable to the mining industry *(see,* NY Const, art 9, § 2). We hold that the provisions in issue are constitutional on their face, and the plaintiff's contentions that they are unconstitutional as applied to it should be asserted in a proceeding pursuant to CPLR article 78.

The plaintiff is engaged in the business of sand mining and is the owner of the mineral rights of a residentially zoned parcel of real property located within the Town of Smithtown. On October 9, 1984, the Town Board of the Town of Smithtown enacted Town of Smithtown Code chapter 44A entitled "Tree Preservation and Land Clearing Law of the Town of Smithtown", the stated purpose of which was to regulate the destruction and removal of trees to ensure the maximum benefit to the inhabitants of the Town of Smithtown. On October 8, 1985, the Town of Smithtown amended Town of Smithtown Code chapter 54 to allow sand mining only within districts specifically zoned for "Heavy Industry". Town of Smithtown Code § 54-10 (Z) (2) provides that any individual or enterprise seeking to conduct a sand mining operation within a "Heavy Industry" district must comply with certain require-

ments such as operating outside a 500-foot radius of a residential district or a school or church or a similar place of public assembly and must establish that the proposed mining operation would not produce a significant adverse effect upon the environment.

Unable to obtain a rezoning classification, the plaintiff commenced the instant declaratory judgment action. The Supreme Court concluded that the New York State Mined Land Reclamation Law (ECL 23-2701 *et seq.*) preempted the challenged ordinances. The order and judgment (one paper) appealed from declared that the provisions of Town of Smithtown Code chapters 44A and 54, insofar as they are applicable to the mining industry, are unconstitutional and preempted by ECL 23-2703 (2). The Supreme Court further declared that the Town of Smithtown "has no jurisdictional basis to act as a lead agency" under the New York State Environmental Quality Review Act (ECL article 8), and transferred lead-agency designation to the New York State Department of Environmental Conservation (hereinafter the DEC).

Through the provisions of ECL 23-2703 (2), the Legislature provided that the New York State Mined Land Reclamation Law: "shall supersede all other state and local laws relating to the extractive mining industry; provided, however, that nothing in this title shall be construed to prevent any local government from enacting local zoning ordinances or other local laws which impose stricter mined land reclamation standards or requirements than those found herein." The issue presented on this appeal is whether State statute (ECL 23-2703 [2]) superseded the Town of Smithtown's amendments to the zoning law which were enacted to preserve and to further the general health and welfare of the community. We determine that the subject ordinances were not superseded by State statute and, therefore, declare that the ordinances, insofar as they are applicable to the mining industry, are constitutional on their face.

The scope and extent of ECL 23-2703 has recently been addressed in *Matter of Frew Run Gravel Prods. v Town of Carroll* (71 NY2d 126). In that case, the Court of Appeals was presented with a virtually identical set of facts wherein a sand and gravel operator sought a judgment declaring unconstitutional a zoning ordinance establishing a zoning district where sand and gravel operations were not permitted uses. The court found the ordinance constitutional, stating: "The purpose of a municipal zoning ordinance * * * is to regulate land use

generally. In this general regulation of land use, the zoning ordinance inevitably exerts an incidental control over any of the particular uses or businesses which, like sand and gravel operations, may be allowed in some districts but not in others. But, this incidental control resulting from the municipality's exercise of its right to regulate land use through zoning is not the type of regulatory enactment relating to the 'extractive mining industry' which the Legislature could have envisioned as being within the prohibition of the statute ECL 23-2703 (2)" *(Matter of Frew Run Gravel Prods. v Town of Carroll, supra, at 131)*.

The court further held in pertinent part: "Moreover, to read into ECL 23-2703 (2) an intent to preempt a town zoning ordinance prohibiting a mining operation in a given zone, as petitioner would have us, would drastically curtail the town's power to adopt zoning regulations granted in subdivision (6) of section 10 of the Statute of Local Governments (L 1964, ch 205) and in Town Law § 261. *Such an interpretation would preclude the town board from deciding whether a mining operation—like other uses covered by a zoning ordinance— should be permitted or prohibited in a particular zoning district (see,* 1 Anderson, NY Zoning Law and Practice, §§ 2.04, 2.05, 2.06, 2.09, 2.13 [3d ed]; *see generally, Wambat Realty Corp. v State of New York,* 41 NY2d 490). *In the absence of any indication that the statute had such purpose, a construction of ECL 23-2703 (2) which would give it that effect should be avoided"* (Matter of Frew Run Gravel Prods. v Town of Carroll, supra, at 133-134 [emphasis supplied]).

In the instant case, as in *Frew Run supra,* the challenged zoning ordinance designates a district for mining operations. Stated simply, Town of Smithtown Code chapter 54 deals with the location of the mining and not its operation. Thus, it is not preempted by ECL 23-2703 (2) *(see also, Matter of Voorheesville Sand & Stone Co. v Town of New Scotland,* 136 AD2d 849; *Morrell v C.I.D. Landfill,* 125 AD2d 998, *lv denied* 69 NY2d 612).

With regard to the plaintiff's challenge to the Tree Preservation and Land Clearing Law of the Town of Smithtown (Town of Smithtown Code ch 44A), an examination of the legislative purpose underlying the ordinance indicates that the town determined that the indiscriminate and unregulated cutting of trees had caused unnecessary problems of erosion, loss of top soil, sedimentation on roadways and a diminution in the production of oxygen, cover for wildlife and wind and

noise insulation. On its face, this ordinance does not constitute an impermissible limitation upon the plaintiff's right to conduct sand mining operations within the town. The ordinance was a reasonable response to concerns involving the welfare of the community, and any impact upon mining operations appears to be incidental rather than as a result of a covert design to circumvent the comprehensive plan for mining set forth in the New York State Mined Land Reclamation Law (ECL 23-2701 *et seq.*).

Accordingly, the Tree Preservation and Land Clearing Law of the Town of Smithtown (Town of Smithtown Code ch 44A) is facially constitutional since it applies equally to all landowners within the community. Further, we conclude that it was enacted as a proper exercise of the town's legislative function for legitimate objectives in furtherance of the town's health and general welfare. With regard to the application of this ordinance to the plaintiff in the instant action, we note that the plaintiff has instituted a proceeding pursuant to CPLR article 78 following denial of its application for a tree removal permit. A proceeding pursuant to CPLR article 78 is the appropriate forum to challenge the constitutionality of this ordinance as applied to the plaintiff in this case (*see, Matter of Kovarsky v Housing & Dev. Admin.,* 31 NY2d 184; *Matter of Overhill Bldg. Co. v Delany,* 28 NY2d 449).

▉ Since the Town of Smithtown Code chapters 44A and 54 have not been superseded by ECL 23-2703 and constitute a valid exercise of the town's legislative power to act for the general welfare of its inhabitants, the Supreme Court erred when it transferred lead-agency status from the Town of Smithtown to the DEC. The anticipated impact of the proposed mining operation is of local rather than State-wide significance. Therefore, pursuant to 6 NYCRR 617.6 (e) (5), the town should retain its status as lead agency.

Accordingly, the order and judgment (one paper) is reversed, on the law, with costs, the plaintiff's motion for summary judgment denied, upon searching the record, the defendants are granted summary judgment, it is declared that the provisions of Town of Smithtown Code chapters 44A and 54 insofar as they are applicable to the mining industry are constitutional on their face, and that the Town of Smithtown is a proper lead agency under the New York State Environmental Quality Review Act (ECL article 8), and the complaint otherwise dismissed.

MANGANO, J. P., BRACKEN, SPATT and HARWOOD, JJ., concur.

Ordered that the order and judgment (one paper) is reversed, on the law, with costs, the plaintiff's motion for summary judgment is denied, upon searching the record, the defendants are granted summary judgment, and it is declared that the the provisions of Town of Smithtown Code chapters 44A and 54 insofar as they are applicable to the mining industry are constitutional on their face, and that the Town of Smithtown is a proper lead agency under the New York State Environmental Quality Review Act (ECL article 8), and the complaint is otherwise dismissed.