In the Matter of CORA J. HOFFAY et al., Appellants, v ALICE TIFFT et al., Constituting the Zoning Board of Appeals of the Town of Sand Lake, Respondents.

Third Department, November 8, 1990

## APPEARANCES OF COUNSEL

*Fox & Charles (Suzanne H. Charles* of counsel), for appellants.

*McNamee, Lochner, Titus & Williams, P. C. (George F. Carpinello* of counsel), for respondents.

## OPINION OF THE COURT

KANE, J. P.

Petitioner Cora J. Hoffay is the record owner of certain farm lands situate in the Town of Sand Lake, Rensselaer County, and the mother of petitioner William H. Hoffay, the contract vendee in possession of said premises which were acquired by his mother and late father in 1962. In 1970, a gravel mining operation was commenced on a 23-acre parcel of the premises, which operation has been continuous to date.

In April 1972, the Town of Sand Lake adopted a zoning ordinance which placed the premises in an A-1 agricultural district. The ordinance provides that in an A-1 district, a commercial excavation is a use which may be permitted as a special exception by the Town of Sand Lake Zoning Board of Appeals (hereinafter the Board). Accordingly, on October 16, 1972 an application for permission to operate the gravel bank was made to the Board, which included a description of the plan for excavation of the gravel and ultimate reclamation of the land for agricultural purposes. The application, to which the Board had attached a series of conditions for the approval of any permit, was referred for review to the Rensselaer

County Planning Board, which ultimately approved it on May 29, 1973. The permit, with the conditions imposed, was issued by the Town of Sand Lake on June 12, 1973 for a period of one year. Of particular significance, for reasons hereinafter stated, correspondence in the record demonstrates that the Board noted in a letter dated December 11, 1972 to the applicants that they were operating an "existing non-conforming gravel bank" on their premises. Thereafter, and on April 25, 1974, an application for permission to continue operation of the gravel bank was filed, but there is no indication in the record of any action taken by the Board on this request. However, the operation continued.

On April 1, 1975 the New York State Mined Land Reclamation Law (ECL art 23, tit 27) became effective, which, in relevant part, provides that: "For the purposes stated herein, this title shall supersede all other state and local laws relating to the extractive mining industry; provided, however, that nothing in this title shall be construed to prevent any local government from enacting local zoning ordinances or other local laws which impose stricter mined land reclamation standards or requirements than those found herein" (ECL 23-2703 [2]). In compliance therewith, a mining permit was obtained from the Department of Environmental Conservation (hereinafter DEC) which was renewed periodically and remained in effect at the time of this appeal.

During April 1988, at meetings of the Town Board, numerous concerns and complaints were voiced by local citizens over the noise, dust and truck traffic generated by an expanded operation of the gravel bank. In response thereto, the Board notified petitioners that they were operating a commercial excavation business without a special exception in violation of the town's zoning ordinance. On April 26, 1988, petitioners filed an application with the Board seeking the special exception but also contending that the zoning regulation was inapplicable because their operation was a preexisting nonconforming use and, additionally, they were in possession of a continuing special exception granted in 1973.

Ultimately, in June 1988, the Board granted the application for the permit subject to conditions which delineated truck routes and limited the hours of operation and the use of equipment. The duration of the permit was for a period of three months with the right to renew for additional three-month periods until September 16, 1990. The Board, at the

time, declined to rule on petitioners' additional request to operate a rock crusher at the site and directed them to reapply for such use at a "mutually specified time" in the future so as "to insure advertising of its use". Petitioners waited until December 1988 to make such an application and the request to operate the rock crusher was denied on February 16, 1989 on the grounds that it was inconsistent with the present operation, there was not enough material on site to warrant it and the operation would constitute a detriment to the public welfare, convenience or safety. This proceeding pursuant to CPLR article 78, instituted on March 13, 1989, was dismissed by Supreme Court with findings that the Board's determination was supported by the record and that its action was within its authority and not preempted by the ECL. This appeal ensued.

■ As a threshold issue, respondents assert that petitioners' claim is barred by Town Law § 267 (7), which requires a party aggrieved by a decision of a town board to institute an article 78 proceeding within 30 days after the filing of such decision. This defense was not raised by respondents before Supreme Court and, accordingly, is waived. However, and in any event, the proceeding was timely commenced on March 13, 1989 to review a determination issued on February 16, 1989. We note that petitioners do not challenge the conditions imposed by the Board in June 1988, but instead argue that the ECL supersedes the local zoning regulations and precludes the Board from imposing the conditions.

On the issue of preemption, as previously noted, the ECL expressly states that it supersedes "local laws relating to the extractive mining industry" (ECL 23-2703 [2]). However, we are instructed that the ECL does not preempt a locality from establishing a zoning district where mining is not a permitted use and thus allows a local government to totally prohibit a mining operation in a given zone (see, Matter of Frew Run Gravel Prods. v Town of Carroll, 71 NY2d 126, 130-132). On the other hand, any conditions imposed by a locality upon the granting of a special exception must be reasonable, relate to the use of the land and not "regulate the details of the operation of [the] enterprise" (Matter of St. Onge v Donovan, 71 NY2d 507, 516; see also, Matter of Dexter v Town Bd., 36 NY2d 102). Thus, in a proper case, conditions which include periods of use of access roads, outdoor noises, emission of dust and " 'other factors incidental to comfort, peace, enjoyment, health or safety of the surrounding area' " (Matter of St. Onge

*v Donovan, supra,* at 516, quoting *Matter of Pearson v Shoemaker,* 25 Misc 2d 591, 592), are permissible.

However, petitioners' claim of the existence of a prior valid nonconforming use presents an additional complicating circumstance. Contrary to the arguments advanced by respondents, we are of the view that petitioners have sustained their burden of proof, by a preponderance of the credible evidence, and established their right to maintain a valid nonconforming use on their property for the operation of the gravel bank. Petitioners raised this issue in their petition, made statements in regard thereto at hearings before the Board and argued the issue in Supreme Court. Moreover, as previously stated, its existence was recognized in the Board's letter of December 1972. Accordingly, there was and is no need for petitioners to apply for any permit under the terms of the zoning ordinance *(see, Matter of Syracuse Aggregate Corp. v Weise,* 51 NY2d 278).* We hasten to point out, however, that although the prior nonconforming use may continue without a permit, the town may legally regulate those aspects of petitioners' business related to land use but not operations *(see, supra,* at 286-287). We find nothing here that demonstrates that the town has passed any such health or safety regulations, which it must do before petitioners' land use operations may be restricted *(see,* 1 Anderson, New York Zoning Law and Practice § 6.41, at 271 [3d ed]).

As to the denial of petitioners' request to operate the rock crusher, we find Supreme Court erred in concluding that its use at the site was "a distinctly separate commercial venture". In our view, such a process is specifically contemplated within the provisions of ECL 23-2705 (8) and, as stated above, since the reasons for the denial by the Board are impermissible because they relate to the excavation process itself, as opposed to land use, they are superseded by the ECL *(see, Matter of Briarcliff Assocs. v Town of Cortlandt,* 144 AD2d 457, *lv denied* 74 NY2d 611). Moreover, the rock crusher is a permissible accessory use as part of the modernization of equipment by petitioners and not the expansion of an existing operation *(see, James H. Maloy, Inc. v Town Bd.,* 92 AD2d 1056, 1057; *Matter of Syracuse Aggregate Corp. v Weise,* 72 AD2d 254, 260, *affd* 51 NY2d 278, *supra).*

WEISS, LEVINE, MERCURE and HARVEY, JJ., concur.

Judgment reversed, on the law and the facts, with costs, determination annulled and petition granted.