■ MATTER CONTRACTING COMPANY, INC., Respondent, v GREENE COUNTY et al., Appellants. (And Two Other Related Actions.)—Mahoney, P. J. Appeal from an order of the Supreme Court (Connor, J.), entered April 18, 1991 in Greene County, which, inter alia, granted plaintiff's motion for partial summary judgment and declared that Local Laws, 1988, No. 4 of Greene County was in violation of ECL 27-0711 as applied to plaintiff.

In April 1985 the Town of Coxsackie in Greene County adopted an ordinance which purported to regulate the operation of sanitary landfills within its borders. Plaintiff obtained a permit to operate the landfill from the Department of Environmental Conservation (hereinafter DEC) in August 1985 and a like permit from the Town in 1986.

In 1988 the Town revoked its permit. Plaintiff commenced an action challenging the revocation which ultimately resulted in a settlement whereby the Town agreed to allow continued operation of the landfill in accordance with its local ordinance, except that a Town permit would not be required and the section of the law limiting waste to that originating within the Town would not be applied until the expiration of plaintiff's DEC permit in August 1991.

Thereafter, in October 1990 DEC sought to close the landfill. In November 1990 plaintiff commenced an action to enjoin closure and obtained a temporary restraining order precluding closure. This action terminated in a consent judgment which permitted operation of the landfill until the DEC permit expired in August 1991.

Also in November 1990, defendant Sergeant A. Prest of the Greene County Sheriff's Department issued an appearance ticket to plaintiff's owners for operating a landfill without a County permit as required by Local Laws, 1988, No. 4 of Greene County (hereinafter the local law). Thereafter, defendant Greene County commenced an action against plaintiff

and its owners alleging violation of the local law and charged that plaintiff and its owners had created a public nuisance. The complaint requested an injunction prohibiting use of the landfill. Plaintiff then commenced this action against the County and Prest for declaratory and injunctive relief seeking, *inter alia,* a declaration that the County had no jurisdiction to regulate the landfill, arguing that ECL 27-0711 precluded application of the local law within the Town since the Town had enacted its own law dealing with solid waste disposal. Plaintiff also moved to preliminarily enjoin the County from closing the landfill. This motion was denied and defendants answered and moved to dismiss the complaint.

Thereafter, the County's action was superseded by another action brought by the County against, among others, plaintiff alleging violations of the local law and the ECL, public nuisance and a conspiracy to violate the local law. Plaintiff then moved for partial summary judgment on its first cause of action which alleged that ECL 27-0711 precluded the County from acting since the Town had already done so. Defendants cross-moved for partial summary judgment. Supreme Court granted plaintiff's motion, denied defendants' cross motion and declared that, as applied, the local law violated ECL 27-0711 and that the County was precluded from enforcing the local law against plaintiff. This appeal by defendants ensued.

Defendants, while conceding that ECL 27-0711 allows local government entities to promulgate local laws that are not inconsistent with State law, nevertheless assert that the circumstances of this case permitted the County to regulate the landfill despite the Town's existing ordinance. In support of this view, defendants argue that the County's local law was not duplicative of the Town's ordinance and, further, that the Town, as part of its settlement with plaintiff, had waived the prohibition contained in its law which prohibited dumping of waste from outside the Town. Defendants further contend that the waiver is tantamount to a failure to enact a law, thereby freeing the County to enforce its own landfill regulations. We disagree.

The most specific refutation of defendants' argument that the Town's enactment of a solid waste disposal law only precluded the County from enacting laws which duplicated the Town's, but did not preclude a County local law which, while dealing with the subject of solid waste, did not deal with the exact same matter as the Town's ordinance, is a recitation of the statute, which negates such a theory. ECL 27-0711 states: "Any local laws, ordinances or regulations of any

governing body of a county, city, town or village which are not inconsistent with this title or with any rule or regulation which shall be promulgated pursuant to this title shall not be superseded by it, and nothing in this title or in any rule or regulation which shall be promulgated pursuant to this title shall preclude the right of any governing body of a county, city, town or village to adopt local laws, ordinances or regulations which are not inconsistent with this title or with any rule or regulation which ·shall be promulgated pursuant to this title *provided, however, that the exercise of such right by a county shall relate only to the area thereof outside any city, village or area of any town outside the village or villages therein during such time as such city, village or town has local laws, ordinances or regulations consistent with this title or with any rule or regulation which shall be promulgated pursuant to this title.* Any local laws, ordinances or regulations of a county, city, town or village which comply with at least the minimum applicable requirements set forth in any rule or regulation promulgated pursuant to this title shall be deemed consistent with this title or with any such rule or regulation" (emphasis supplied). This statute, read in its most obvious and natural sense *(see, Matter of Frew Run Gravel Prods. v Town of Carroll,* 71 NY2d 126), clearly contemplates that if a town has enacted a local law regulating solid waste disposal that is not inconsistent with the State law, any county legislation regulating solid waste disposal will be effective only outside of the town involved. Similar legislative language in Municipal Home Rule Law § 10 (1) (ii) (a) (11) (b) has been interpreted in this manner *(see,* 1980 Atty Gen [Inf Opn] 212; 1970 Atty Gen [Inf Opn] 58; 24 Opns St Comp, 1968, at 224).

Further, in the absence of any allegation in this case that the Town's ordinance is inconsistent with State law, and given that the Town ordinance incorporated the State standards for the operation of landfills, we are compelled to conclude that the Town's action in enacting its own local law precluded application of the County's local law regarding disposal of construction and demolition waste. The remaining contentions of defendants are without merit and require no discussion.

Casey, Weiss, Levine and Mercure, JJ., concur. Ordered that the order is affirmed, with costs.