Bellacosa, J.
(dissenting). I respectfully dissent for essentially the reasons expressed in Justice Casey’s opinion (180 AD2d 157), and I would affirm the Appellate Division’s order that the Adirondack Park Agency (APA) lacks jurisdiction with respect to petitioner’s mining operation.
Notably, in enacting the Mined Land Reclamation Law (MLRL), the Legislature expressly superseded "all other state and local laws relating to the extractive mining industry,” and reposed exclusive regulatory jurisdiction for such activities in the Department of Environmental Conservation (DEC) (ECL 23-2703 [former (2)]). A narrow exception to that super-session preserved local municipal zoning authority (Matter of Frew Run Gravel Prods. v Town of Carroll, 71 NY2d 126). The exception should not be expanded to the vast and different APA regulatory net.
Local zoning entities and the APA are not alike in kind or in purpose. They also have a governance relationship to one another quite distinct from that of the State DEC to the State APA. Indeed, the APA’s powers, in the context of this dispute, do not "resemble” those of local planning boards and zoning entities (majority mem, at 909). To treat them alike in this triangulated struggle, and thus create a much broader judicial exception to the statute, overrides the plain language and intent of the governing supersession directive and swallows the primary proposition.
Curiously, Wombat Realty Corp. v State of New York (41 NY2d 490), cited to support the conclusion that local zoning *911 entities and the APA "resemble” one another, actually upheld APA powers over those of local planning and zoning entities on a supersession basis in the face of a home rule challenge. Wombat underscored the legislative intent, expressed in the APA Act, to "serve a supervening State concern transcending local interest * * * through a comprehensive land use and development plan” (41 NY2d, at 495, supra). There is no justification to use Frew Run (supra) to expand APA’s comprehensive authority by trumping DEC’s explicit supersession under the MLRL. The Legislature not only refrained from granting coordinate jurisdiction over mining operations to APA and DEC, it expressly conferred exclusive jurisdiction only on DEC.
Finally, the judicial inversion of the statute by the statutory interpretation in this case will engender unfair treatment, unequal application of the laws and bureaucratic competition that the Legislature plainly intended to avoid with its explicit supersession directive. It is no answer to these concerns that three bureaucratic behemoths executed an unfiled, unpublished and private compact of "coordination” among themselves. That cannot supersede the legislative distribution of powers to the agencies in the enactment of a public law. As the private memorandum itself, in any event, states, it "is not intended to diminish the authority or responsibility of any of the Agencies to act on matters with which it is charged” (Mem of Understanding of APA, DEC and Department of Health § II [A], as amended June 1980). The very consequence sought to have been avoided by the Legislature has actually unfolded in this case, where petitioner got a license from DEC in April 1988, modified by DEC in March 1989. This modified permit, which the Supreme Court found to be "still in full force and effect,” appears to be ironically superseded by actions of the APA in June 1989, precipitating this lawsuit. The petitioner — as countless other regulated entities will find —obviously felt caught in bureaucratic crossfire and uncertainties; it assuredly finds no comfort in the "coordination” compact of the agencies. Contrary to an essential thrust of the statute, the net effect of the result and analysis in this case thus adversely affects the public interest and the interests of those individuals and entities which are subjected to redundant, red-tape procedures of overlapping regulatory agencies.
Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., and Smith concur in memorandum; Judge Bellacosa dissents and votes to affirm in an opinion.
Order reversed, etc.