[667 NYS2d 453]

In the Matter of TOWN OF PARISHVILLE et al., Respondents, v
CONTORE COMPANY, INC., et al., Appellants.

Third Department, January 8, 1998

### APPEARANCES OF COUNSEL

*Livingston T. Coulter,* Schuylerville, for appellants.

*Cappello & Linden,* Potsdam *(Roger B. Linden* of counsel), for respondents.

### OPINION OF THE COURT

MERCURE, J.

Respondent Torrington Industries, Inc. operates a mine on real property in the Town of Parishville, St. Lawrence County, owned by respondent Contore Company, Inc., under the terms of a permit issued by the Department of Environmental Conservation's Division of Regulatory Affairs. In 1995, Torrington constructed a scale "shack" and installed truck scales at the mine. On July 12, 1995, petitioner Dale J. Wells, the Town's code enforcement officer, informed respondent Theodore Zoli, Jr., the president of both Torrington and Contore, that a building permit for the structures was required under Local Laws, 1994, No. 1 of the Town of Parishville § 2.01 (hereinafter 1994 Local Law No. 1). No building permit application having been filed, in August 1995 Wells filed an accusatory instrument in a local criminal court charging Zoli with a violation of 1994 Local Law No. 1. Following a nonjury trial, respondents were found to have violated that law and were ordered to pay a civil penalty of $250 per week for 29 weeks. Respondents appealed to County Court.

During the pendency of respondents' appeal from the local court judgment, petitioners commenced the current proceeding alleging respondents' violation of 1994 Local Law No. 1 and also Local Laws, 1996, No. 1 of the Town of Parishville* (hereinafter 1996 Local Law No. 1) and seeking imposition of a civil penalty and a mandatory injunction compelling respondents' removal of the scales and scale shack structure. Supreme Court granted the petition and respondents appeal.

We affirm. Initially, we reject the contention that, as applied to the instant improvements, 1994 Local Law No. 1 and 1996 Local Law No. 1 were superseded by the provisions of the Mined Land Reclamation Law (ECL 23-2701 *et seq.* [hereinaf-

---

* As relevant here, 1994 Local Law No. 1 and 1996 Local Law No. 1 are identical.

ter MLRL]), and particularly ECL 23-2703 (2), because the truck scale and scale shack were an integral part of respondents' permitted mining operation. As originally enacted, ECL 23-2703 (former [2]) provided that the provisions of the MLRL expressly superseded "all other state and local laws relating to the extractive mining industry * * * [except] local zoning ordi-- nances or other local laws which impose stricter mined land reclamation standards or requirements than those found herein" (L 1974, ch 1043, § 1). In 1987, the Court of Appeals had occasion to construe that provision, holding that the express supersession clause did not prohibit municipal zoning ordinances regulating, among other things, " 'the location, construction and use of buildings [and] structures' " (*Matter of Frew Run Gravel Prods. v Town of Carroll*, 71 NY2d 126, 131, quoting Town of Carroll Zoning Ordinance, art I, § 101; *see, Seaboard Contr. & Material v Town of Smithtown*, 147 AD2d 4, 6-8, *lv denied* 75 NY2d 707, *appeal dismissed* 74 NY2d 892). To the contrary, only laws "dealing with the actual operation and process of mining" were found to be superseded (*Matter of Frew Run Gravel Prods. v Town of Carroll, supra,* at 133; *see, Matter of Hunt Bros. v Glennon*, 81 NY2d 906, 909).

In 1991, the Legislature codified the holding of *Matter of Frew Run Gravel Prods. v Town of Carroll* (*supra*) in an amendment to ECL 23-2703 (2) (L 1991, ch 166, § 228; *see,* Weinberg, Practice Commentaries, McKinney's Cons Laws of NY, Book 17 1/2, ECL 23-2703, at 308). The current statute specifically exempts, *inter alia,* "local laws or ordinances of general applicability [that do not] regulate mining and/or reclamation activities regulated by state statute, regulation, or permit" (ECL 23-2703 [2] [a]) from supersession. As before, the statute does not preempt municipal zoning ordinances. Rather, "the distinction is between ordinances that regulate property uses and ordinances that regulate mining activities * * * [and] there is nothing in the sparse legislative history of the amendment to the statute suggesting that the Legislature intended the MLRL to go further and limit municipalities' broad authority to govern land use" (*Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 682).

Based upon our review of the provisions of 1994 Local Law No. 1 and 1996 Local Law No. 1, we conclude that they are laws of general applicability which do not attempt to regulate mining activities, but rather serve only to regulate land use, particularly the building of structures (*see, Town of Cortlandt v Santucci*, 163 Misc 2d 483, 495). Any effect that their enforce-

ment may have on mining activities is merely incidental to their purpose of "regulat[ing] land use activity and the subdivision of land in the Town" (1994 Local Law No. 1 § 1.02), control which the MLRL was not meant to preempt (*see*, *Matter of Gernatt Asphalt Prods. v Town of Sardinia, supra*, at 682-683; *Matter of Schadow v Wilson*, 191 AD2d 53, 56; *see also*, *Matter of Valley Realty Dev. Co. v Jorling*, 217 AD2d 349, 352-353). As aptly noted in *Town of Cortlandt v Santucci* (*supra*, at 495), "[c]ompliance with the requirement for a building permit does nothing more than ensure the integrity of the structure and * * * involves a matter over which the [municipality] has little or no discretion".

We have considered petitioners' remaining contentions and find them to be also unavailing.

CARDONA, P. J., WHITE, PETERS and SPAIN, JJ., concur.

Ordered that the order and judgment are affirmed, without costs.