OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the petition/complaint dismissed.
Petitioner operates a sand and gravel mine in the Town of Hope, Hamilton County, which is located within the Adirondack Park district (see, ECL 9-0101; see generally, Executive Law art 27). In 1989, after petitioner had commenced blasting operations pursuant to a permit issued by the Department of Environmental Conservation (DEC) pursuant to the Mined Land Reclamation Law (ECL art 23, tit 27 [MLRL]), the Adirondack Park Agency (APA) concluded that petitioner’s business was also subject to its regulations, including the requirement of an APA-issued permit (see, Executive Law § 809). Petitioner initially participated in APA’s permit review process, but a dispute between petitioner and the agency soon arose concerning the scope of the latter’s jurisdiction. Petitioner thereafter commenced this combined CPLR article 78 proceeding and declaratory judgment action, seeking an adjudication barring the APA from exercising jurisdiction over its mining operation.
The courts below erred in granting petitioner relief. The MLRL establishes a comprehensive legislative plan for the regulation of mining and land reclamation by DEC (see, ECL *909 23-2703 [1]). As drafted at the time the events in this case took place, the law provided that its regulatory scheme "shall supersede all other state and local laws relating to the extractive mining industry” (see, ECL 23-2703 [former (2)], amended L 1991, ch 166, § 228).* In Matter of Frew Run Gravel Prods. v Town of Carroll (71 NY2d 126, 131), we held that this super-session clause does not preclude local zoning ordinances that are addressed to subject matters other than extractive mining and that affect the extractive mining industry only in incidental ways. Such local laws do not "frustrate the statutory purpose of encouraging mining through standardization of regulations pertaining to mining operations” (id., at 133). Thus, only those laws that deal "with the actual operation and process of mining” are superseded (id., at 133).
The statute creating and empowering the APA is aimed at establishing a superagency to regulate development in the Adirondack Park region, which the Legislature has singled out for special protection because of its unique environmental significance (see, Executive Law § 801). The agency’s powers and goals thus resemble those of both a local planning board and a local zoning entity (see, Wambat Realty Corp. v State of New York, 41 NY2d 490, 491).
Inasmuch as the APA’s mission concerns the broad area of land use planning within the Adirondack Park district, its enabling statute is not a law "relating to the extractive mining industry.” Consequently, ECL 23-2703 (former [2]) does not deprive the agency of all jurisdiction to regulate petitioner’s activities. Accordingly, petitioner’s article 78 petition for relief in the nature of prohibition should have been dismissed and, to the extent that the courts below reached a contrary conclusion, their holdings were erroneous.
We note that, contrary to the dissenter’s view, there is no "bureaucratic competition” or "confusion” over the respective roles of the APA and the DEC regarding the regulation of mining operations such as petitioner’s that are located within the Adirondack Park. To the contrary, since 1976, the DEC and the APA, as well as the State Department of Health, have been party to a Memorandum of Understanding under which *910 the agencies have agreed to coordinate their respective regulatory responsibilities with regard to projects in the Park.
Finally, petitioner’s request for a declaration that the APA has exceeded its authority by overstepping the boundaries established by ECL 23-2703 (former [2]) cannot now be entertained, because the request is premature. At this juncture, the agency has taken no steps to regulate petitioner’s activities other than to insist that petitioner submit to its permit application procedures. There is thus no basis for evaluating whether the agency’s regulation of petitioner’s mining operation will affect that operation in more than merely "incidental” ways (see, Matter of Frew Run Gravel Prods. v Town of Carroll, supra, at 131). In the absence of a concrete controversy between the parties, petitioner cannot maintain an action for declaratory relief (see, e.g., Cuomo v Long Is. Light. Co., 71 NY2d 349).

 As amended in 1991, the statute now specifically excludes from its preemptive reach "local laws or ordinances of general applicability” that do not address regulated "mining and/or reclamation activities” and "local zoning ordinances or laws” governing permissible uses (ECL 23-2703 [2] [a], [b]). The statute also authorizes localities to attach certain listed conditions to special use permits issued to mining operations (id., [2] [b] [i]-[iv]).