■ Kevin Scharkopf et al., Appellants, v Cadbury Schweppes, Inc., et al., Respondents, and Canada Dry Corporation et al., Defendants and Third-Party Plaintiffs-Respondents. Foster Forbes Division-American National Can Company et al., Third-Party Defendants-Respondents. [666 NYS2d 964] —In an action to recover damages for personal injuries, etc., based upon negligence and strict products liability, the plaintiffs appeal (1) from an order of the Supreme Court, Queens County (Lonschein, J.), dated September 25, 1996, which granted the respective motions of the defendants and third-party defendants for summary judgment dismissing the complaint, and (2) from an order of the same court, dated January 13, 1997, which denied their motion, in effect, to reargue.

Ordered that the appeal from the order dated January 13, 1997, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated September 25, 1996, is affirmed; and it is further,

Ordered that respondents appearing separately and filing separate briefs are awarded one bill of costs.

In the complaint, the plaintiffs alleged that as the infant

plaintiff, Kevin Scharkopf, an employee of the third-party defendant D/M/B Deli d/b/a Southdown Deli, unpacked bottles of seltzer allegedly manufactured, distributed, and/or sold by the defendants, one of the bottles exploded, causing him injuries. The plaintiffs alleged that the defendants had negligently or defectively manufactured or inspected the bottle, that the bottle was unsafe for use and handling, and that it did not carry adequate warnings concerning its dangerous properties.

The plaintiffs failed to raise any triable issue of fact concerning the allegedly defective bottle in response to the defendants' and third-party defendants' motions for summary judgment (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). Moreover, the plaintiffs' assertions regarding the merits of the action were mere conclusions and unsubstantiated allegations (*see, Abrahamsen v Brockway Glass Co.*, 156 AD2d 615; *see also, Olan v Farrell Lines*, 64 NY2d 1092, 1093).

The court properly characterized the plaintiffs' motion to renew and reargue as a motion solely to reargue since the allegedly new facts existed at the time the prior motions for summary judgment were made, and since the plaintiffs failed to submit any valid excuse for their failure to submit the additional facts in opposition to the original motions (*see, Mundo v SMS Hasenclever Maschinenfabrik*, 224 AD2d 343; *see also, Schumann v City of New York*, 242 AD2d 616).

The plaintiffs' remaining contentions are without merit. Bracken, J. P., Copertino, Thompson and Luciano, JJ., concur.