■ In the Matter of ARTHUR W. CIPPERLEY et al., Appellants, v TOWN OF EAST GREENBUSH et al., Respondents. [691 NYS2d 624] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered April 15, 1998 in Rensselaer County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of the Zoning Board of Appeals of the Town of East Greenbush denying petitioners' request for a special use permit.

This appeal arises from an unsuccessful application by petitioner Rifenburg Construction, Inc.—originally filed in 1992 with respondent Town of East Greenbush Zoning Board of Appeals (hereinafter ZBA)—for a special use permit to mine gravel on land owned by petitioners Arthur Cipperley and Cheryl Cipperley. The subject parcel is located on Best-Luther Road (hereinafter Best Road) in the Town of East Greenbush, Rensselaer County, and at the time of the application was zoned as agriculture-residence (R-A) which permitted mining upon the issuance of a special use permit.

After a public hearing on October 7, 1996,* and a subsequent workshop session, the ZBA denied Rifenburg's application,

---

* The four-year delay between Rifenburg's application and the actual hearing was due to litigation resulting in four court decisions including one

finding that it did not satisfy the standards prescribed by Town of East Greenbush Zoning Law § 5.25 for issuance of special use permit. Supreme Court dismissed petitioners' subsequent proceeding pursuant to CPLR article 78 and Town Law § 267-c to annul the ZBA's determination and this appeal followed.

We affirm. This Court has previously observed that "there is no entitlement to a special use permit", that the burden is on the petitioner to demonstrate that the contemplated use conforms with the zoning ordinance, and that if that burden is met "then the permit must be granted unless there are reasonable grounds for denying it" (*Matter of Schadow v Wilson*, 191 AD2d 53, 57; *see, Matter of Wegmans Enters. v Lansing*, 72 NY2d 1000, 1001). And where, as here, the ZBA's determination is neither arbitrary nor capricious, it will be upheld (*see, Matter of Schadow v Wilson, supra*, at 57).

The record discloses that the ZBA concluded, among other things, that Rifenburg failed to demonstrate, as required by local law, that its proposed mining operation would be in harmony with the orderly development of the zoning district. This determination was supported by a consulting engineering firm's traffic study which declared that the additional truck traffic that would be generated by the proposed mine would "compromise public safety". The factors cited in support of this conclusion were that Best Road accommodated mostly residential traffic, including school buses en route to the local school, and that the increase in traffic occasioned by large gravel trucks traveling to and from the mine presented a potential for danger because of the poor sight distances along the road and the documented tendency of motorists to travel in excess of the posted speed limit. Moreover, the study questioned whether the existing infrastructure had the ability to handle the weight of gravel-bearing trucks, expressing concern regarding whether Best Road's subsurface pavement and a local bridge were capable of supporting such weight. Given the ultimate findings of this study that the "field measurements of sight distance, the condition of the subbase and that of the existing bridge" and the expert's opinion that "the introduction of additional truck traffic to Best Road" would adversely impact public safety, the ZBA had a rational basis for concluding that the mine's existence would not be in harmony with the neighborhood (*see generally, Matter of Connors v Sullivan*, 171 AD2d 982, 983).

What is more, the zoning ordinance required that the contemplated use not impair property values. As to this issue,

by this Court (*see, Matter of Cipperley v Town of E. Greenbush*, 213 AD2d 933).

the ZBA had before it testimony by local realtors plainly establishing that Rifenburg's proposed mine would markedly diminish property values (see, *Matter of Schadow v Wilson, supra,* at 58). Lastly, we find no merit to petitioners' contention that the ZBA erred in holding the record open following the conclusion of the public meeting for the receipt of additional written comments until October 28, 1996, when the record was officially closed. In the interim, correspondence was submitted by petitioners as well as those opposing petitioners' application. Furthermore, it appears that the ZBA considered only those submissions received before the record was closed.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.