■ In the Matter of ALBANY-GREENE SANITATION, INC., Respondent, v TOWN OF NEW BALTIMORE ZONING BOARD OF AP-

PEALS et al., Appellants. [692 NYS2d 831] —Mercure, J. Appeal from that part of a judgment of the Supreme Court (Torraca, J.), entered August 13, 1998 in Ulster County, which granted petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to annul a determination of respondent Town of New Baltimore Zoning Board of Appeals denying petitioner's request for a special use permit.

Petitioner proposes to establish a solid waste transfer station on an 8.68-acre parcel of land in the Town of New Baltimore, Greene County, located on the east side of Route 9W about one-quarter mile south of Thruway exit 21B. The site is located approximately 500 feet from the 200-year-old Vanbergen House owned by respondent Estate of Marcia Warren (hereinafter the Estate). The Vanbergen House is listed on the National Registry of Historical Places and is the only surviving example of Georgian architecture in Greene County. Following review pursuant to the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA), resulting in a negative declaration of environmental significance and issuance of a solid waste management facility permit by the Department of Environmental Conservation (hereinafter DEC), petitioner submitted an application to respondent Town of New Baltimore Zoning Board of Appeals (hereinafter the Zoning Board) for a special use permit.* Ultimately, the application was denied by the Zoning Board upon findings that noise, odor and traffic impacts would be injurious to the district and to the historic home.

Petitioner then challenged the Zoning Board's determination in this combined CPLR article 78 proceeding and declaratory judgment action. Supreme Court permitted the Estate to intervene. Then, rejecting expert reports of Colon High and Henry Scarton (addressing the issues of odor, air pollution and noise) as "insufficient, inapplicable or irrelevant" and comments of the general public as "fraught with emotion and with little foundation in fact or professional expertise", Supreme Court granted the petition and annulled the Zoning Board's determination. Respondents appeal.

In our view, Supreme Court erred in annulling the Zoning Board's denial of petitioner's request for a special use permit. It is fundamental law that "a Zoning Board's determination

---

* Although the application was filed under protest based upon petitioner's contention that no special use permit is required in order to erect a transfer station in the Route 9W Commercial District in the Town of New Baltimore, no such contention has been advanced before this Court.

must be upheld if it is rational and supported by substantial evidence" (*Matter of Khan v Zoning Bd. of Appeals*, 87 NY2d 344, 351; *see, Matter of Lemir Realty Corp. v Larkin*, 11 NY2d 20, 24-25). Here, the Zoning Board's findings regarding adverse odor and noise impacts were supported by competent expert opinions rendered by High and Scarton. In adopting DEC's criticism of those reports and dismissing them as having been "generated as a result of [the experts'] examination of a similar operation and * * * not tak[ing] into consideration the measures which are to apply to the [subject] operation", Supreme Court invaded the province of the Zoning Board in evaluating expert evidence (*see, Matter of Four M Constr. Corp. v Fritts*, 151 AD2d 938, 940-941).

Similarly, petitioner relies exclusively upon findings of DEC, the Department of Transportation and the Department of Parks, Recreation and Historic Preservation, which were made in connection with the SEQRA review and the issuance of the solid waste management facility permit, and the continued applicability of government regulatory controls as assurance that the project will not be injurious to the district. Because local land use matters are within the exclusive responsibility of the Zoning Board, however, DEC's negative declaration was in no way binding on the Zoning Board's determination (*see, Matter of Cowan v Kern*, 41 NY2d 591, 599; *Matter of Zagoreos v Conklin*, 109 AD2d 281, 297). Indeed, SEQRA requirements do not change the existing jurisdiction between or among State and local agencies (*see,* ECL 8-0103 [6]; 6 NYCRR 617.3 [b]). In fact, DEC recognized that its determination did not supercede any valid local laws when it stated that it "does not attempt to define the appropriateness of various land uses in specific locations above and beyond state regulatory and SEQR[A] issues". As such, while the Zoning Board may consider DEC's approval of petitioner's proposed waste transfer station, it is not bound by it (*see, Matter of Zagoreos v Conklin, supra,* at 297).

Petitioner's remaining contentions, including its claim that the standard set forth in Zoning Code of Town of New Baltimore § 112-22 (B) was imprecise and vague, are either unpreserved for our consideration or have been considered and found to be unavailing.

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as annulled the determination of respondent Town of New Baltimore Zoning Board of Appeals denying petitioner's request for a special use permit; determination confirmed and petition dismissed; and, as so modified, affirmed.