■ TOWN OF RIVERHEAD, Respondent-Appellant, v T.S. HAULERS, INC., Appellant-Respondent. [713 NYS2d 740] —In an action, *inter alia,* to permanently enjoin the defendant from engaging in a sand and soil mining and processing operation, the defendant appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Hall, J.), dated May 10, 1999, as, upon denying the plaintiff's motion for summary judgment, directed the defendant to apply for a special permit under Riverhead Town Code § 108-45 (B) (6), and (2) from an order of the same court, entered August 9, 1999, which denied its motion, in effect, for reargument, and the plaintiff cross-appeals from the order entered August 9, 1999.

Ordered that the appeal and the cross appeal from the order entered August 9, 1999, are dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated May 10, 1999, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The defendant, operator of a sand mine, contends that it was not required to obtain a special permit from the plaintiff, Town of Riverhead, to carry on its mining and processing operation. It contends that any local special permit requirement is superseded by the State's Environmental Conservation Law (*see,* ECL 23-2701 *et seq.*) and, since it holds a valid mining permit from the New York State Department of Environmental

Conservation (hereinafter the DEC), it needs no other authorization.

The defendant's contentions are without merit. The Mined Land Reclamation Law (ECL tit 27; hereinafter MLRL) explicitly states that it "shall supersede all other state and local laws relating to the extractive mining industry" (ECL 23-2703 [2]) but does not prevent any local government from "enacting or enforcing local zoning ordinances or laws which determine permissible uses in zoning districts" (ECL 23-2703 [2] [b]). The MLRL "does not preempt a municipality's authority, by means of its zoning powers, to regulate or prohibit the use of land within its municipal boundaries for mining operations" (*Village of Savona v Knight Settlement Sand & Gravel,* 88 NY2d 897, 899; *see, Matter of Gernatt Asphalt Prods. v Town of Sardinia,* 87 NY2d 668, 680-684). The incidental control resulting from the municipality's exercise of its right to regulate land use through zoning laws does not amount to regulation "relating to the extractive mining industry" (ECL 23-2703 [2]) which is prohibited by the MLRL (*see, Matter of Frew Run Gravel Prods. v Town of Carroll,* 71 NY2d 126, 131). "[O]nly those laws that deal 'with the actual operation and process of mining' are superseded" (*Matter of Hunt Bros. v Glennon,* 81 NY2d 906, 909, quoting *Matter of Frew Run Gravel Prods. v Town of Carroll, supra,* at 133). Here, since Riverhead Town Code § 108-45 (B) (6) is a zoning regulation that does not address the actual operation and process of mining, and any restriction on sand mining was incidental to the Town's exercise of its right to regulate land use through zoning regulation, the MLRL did not supersede the Town requirement that the defendant obtain a special permit from the Town Board.

Contrary to the defendant's contention, although the Zoning Board of Appeals determined that the defendant's mining activities constituted a "wholesale business (nonnuisance)", a specially permitted use under Riverhead Town Code § 108-45 (B) (6), the defendant was, nonetheless, required to seek a special permit from the Town Board. The ordinance stated that use of "wholesale business (nonnuisance)" shall be "by special permit of the Town Board" and the Zoning Board of Appeals, whose authority is limited to hearing and deciding appeals, did not have the power to issue a permit (*see,* Riverhead Town Code § 108-76 [A]; Town Law § 267-b [1]; *Matter of Brenner v Sniado,* 156 AD2d 559; *Moriarty v Planning Bd.,* 119 AD2d 188, 196).

The defendant's later motion, denominated as one for renewal and reargument was, in actuality, a motion for reargu-

ment, in that it was "based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion" (CPLR 2221 [d] [2]). An order denying a motion for reargument is not appealable (see, Scharkopf v Cadbury Schweppes, 246 AD2d 640). Accordingly, both the appeal and cross appeal from that order are dismissed. Bracken, J. P., Friedmann, Luciano and Smith, JJ., concur.