In a matrimonial action in which the parties were divorced by judgment entered December 6, 2001, the defendant former husband appeals, as limited by his brief, *325 from so much of an order of the Supreme Court, Nassau County (Maraño, J.), dated January 8, 2003, as (1) granted those branches of the motion of the plaintiff former wife which were for (a) leave to reargue those branches of a prior motion which were denied by an order of the same court dated August 6, 2002, and, upon reargument, granted her leave to enter an additional money judgment against the defendant in the principal sum of $35,000, (b) leave to enter money judgments for additional arrears of child support and for her distributive award due pursuant to the judgment of divorce, and (c) an award of counsel fees in the sum of $2,500, and (2) denied his cross motion, inter alia, for leave to renew and reargue his prior cross motion which was determined by the order dated August 6, 2002.
Ordered that so much of the appeal from so much of the order as denied that branch of the appellant’s cross motion which was for leave to reargue is dismissed, without costs or disbursements, on the ground that no appeal lies from the denial of re-argument; and it is further,
Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was for an award of counsel fees and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.
In opposition to the plaintiff’s motion for leave to reargue that branch of a prior motion which was for leave to enter a money judgment for $35,000 representing her share of $130,000 owed to the defendant by a third party, the defendant alleged for the first time that he received only $42,000 of the $130,000 and demanded a hearing so he could establish that he never received the full $130,000. This information could have and should have been brought to the attention of the court in opposition to the plaintiff’s original motion (see Scharkopf v Cadbury Schweppes, 246 AD2d 640 [1998]) and was in fact contrary to his prior position that he had “disbursed” the $130,000. In view of the foregoing, the Supreme Court properly granted the plaintiff leave to enter a money judgment for $35,000 without a hearing.
However, the Supreme Court erred in awarding counsel fees to the plaintiff, as there was no documentation of the value of the services performed nor was any hearing conducted on the value of the services performed (see Reynolds v Reynolds, 300 AD2d 645, 646 [2002]; Sloam v Sloam, 185 AD2d 808, 810 [1992]).
The defendant’s remaining contentions either are without *326 merit or are not properly before this Court. Goldstein, J.E, Adams, Townes and Mastro, JJ., concur.