EMERALD GREEN PROPERTY OWNERS ASSOCIATION, INC., Respondent, v JADA DEVELOPERS, LLC, Appellant. [882 NYS2d 328]—

Mercure, J.P. Appeal from an order of the Supreme Court (Meddaugh, J.), entered May 20, 2008 in Sullivan County which, among other things, granted plaintiff's motion for a preliminary injunction.

In March 2007, defendant, a home builder, purchased 18 unimproved lots in the Emerald Green subdivision in the Town of Thompson, Sullivan County; plaintiff is the property owners' association for the development. The deed to each lot contained restrictive covenants requiring, among other things, that defendant become a member of plaintiff, pay annual dues and obtain approval from plaintiff prior to commencing construction or

landscaping. Shortly after defendant purchased the lots, it informed plaintiff that it was not obligated to comply with the restrictive covenants. It then began construction on its lots, and plaintiff issued a stop work order. When construction nevertheless continued, plaintiff commenced this action for, among other things, a permanent injunction enforcing the restrictive covenants. Plaintiff further moved by order to show cause for a temporary restraining order and for a preliminary injunction enjoining further construction until defendant complied with the restrictive covenants. Supreme Court ultimately issued a preliminary injunction, and defendant appeals.

We affirm. It is well settled that a "party seeking a preliminary injunction must demonstrate a probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of equities in its favor" (*Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839, 840 [2005]; *see Matter of Kalichman*, 31 AD3d 1066, 1067 [2006]). Particularly relevant here, the requirement that the movant demonstrate a likelihood of success on the merits "does not compel a demonstration that success on the merits is practically a certitude[;] . . . the mere fact that there indeed may be questions of fact for trial does not preclude a court from exercising its discretion in granting an injunction" (*Egan v New York Care Plus Ins. Co.*, 266 AD2d 600, 601 [1999]). Moreover, our review of a decision to grant or deny a preliminary injunction is limited to a determination of whether Supreme Court abused its discretion (*see Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d at 840; *Honeywell Intl. v Freedman & Son*, 307 AD2d 518, 519 [2003]).

Defendant asserts that plaintiff has failed to demonstrate a likelihood of success on the merits because, it maintains, the restrictive covenants at issue are unenforceable. Specifically, defendant contends that the covenants cannot be said to be part of a general plan or scheme of uniform development because they have not been enforced universally and with reciprocity—i.e., 69 lots were exempted and, separately, plaintiff entered into a stipulation of settlement in connection with seven lawsuits commenced by another builder that exempted certain other lots. In our view, however, plaintiff established that the unambiguous restrictive covenants contained in defendant's deeds, of which defendant indisputably had knowledge at the time it purchased the lots, were "entered into with the design to carry out a general scheme for the improvement or development of" Emerald Green (*Westmoreland Assn. v West Cutter Estates*, 174 AD2d 144, 151 [1992]; *see Huggins v Castle Estates*, 36 NY2d 427, 432 [1975]; *see also Chambers v Old Stone Hill*

*Rd. Assoc.*, 1 NY3d 424, 431 [2004]). In addition, plaintiff made a sufficient showing in this procedural context that the 69 exempted lots—out of approximately 1,000—were unimprovable, and that the lots covered by the stipulation of settlement were exempted only in exchange for a $1,000 transfer fee upon the sale of each parcel and membership in plaintiff by the new owner. Under these circumstances, the exemption of a small percentage of the total number of lots cannot be said to defeat the purpose of the restrictions or definitively refute the existence of a general plan of uniform development (*see Steinmann v Silverman*, 14 NY2d 243, 246 n [1964]; *Graham v Beermunder*, 93 AD2d 254, 261-262 [1983], *lv dismissed and denied* 60 NY2d 553, 630 [1983]; *cf. Huggins v Castle Estates*, 36 NY2d at 432-433). Accordingly, inasmuch as Supreme Court properly concluded that plaintiff demonstrated a likelihood of success on the merits and there is no indication that the court abused its discretion in granting the preliminary injunction, we find no basis for disturbing the court's determination.

Spain, Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.