*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 19, 2015                    519413
_____

In the Matter of TROY SAND &
    GRAVEL COMPANY, INC.,
    et al.,
                        Appellants,

        v                                    MEMORANDUM AND ORDER

TOWN OF NASSAU et al.,
                        Respondents.
_____

Calendar Date:  January 9, 2015

Before:  McCarthy, J.P., Rose, Egan Jr. and Devine, JJ.

_____

        Tuczinski, Cavalier & Gilchrist, PC, Albany (Andrew W.
Gilchrist of counsel), for appellants.

        Donohue, Sabo, Varley & Huttner, LLP, Albany (Bruce Huttner
of counsel), for respondents.

_____

Rose, J.

        Appeal from a judgment of the Supreme Court (Connolly, J.),
entered October 21, 2013 in Rensselaer County, which, in a
proceeding pursuant to CPLR article 78, granted respondents'
motion to dismiss the petition.

        The underlying facts are more fully set forth in our
decision in Troy Sand & Gravel Co., Inc. v Town of Nassau, ___
AD3d ___ [decided herewith]).  As relevant here, petitioner Troy
Sand & Gravel Company, Inc. (hereinafter petitioner) seeks to
open a quarry in the Town of Nassau, Rensselaer County and has an
application for site plan approval and special permit pending
before respondent Town of Nassau.  The Department of

Environmental Conservation (hereinafter DEC) conducted a coordinated review of the project pursuant to the State Environmental Quality Review Act, including a positive declaration and final environmental impact statement, and granted petitioner a mining permit to operate the quarry. Petitioners then obtained a preliminary injunction preventing the Town from reassessing the environmental impact of the proposed project and, while that injunction was in place, respondent Town Board of the Town of Nassau issued a resolution deeming petitioner's zoning application complete and referring it to the Planning Board for review and recommendation. This Court thereafter vacated the injunction and held that the Town is "entitled to independently review [petitioner's] application for the special use permit in accord with the standards contained in its zoning regulations" (Troy Sand & Gravel Co., Inc. v Town of Nassau, 101 AD3d 1505, 1508 [2012]). As a result, the Town Board rescinded its prior resolution deeming the application complete and petitioners, among other things, commenced this proceeding to annul the recision of that resolution.[1] Supreme Court granted respondents' motion to dismiss the petition on ripeness grounds and petitioners appeal.

We affirm. A municipal action is ripe for judicial review if it "impose[s] an obligation, den[ies] a right or fix[es] some legal relationship as a consummation of the administrative process" (Matter of Gordon v Rush, 100 NY2d 236, 242 [2003] [internal quotation marks and citations omitted]; see Matter of Essex County v Zagata, 91 NY2d 447, 453 [1998]). Such a determination requires a "pragmatic evaluation of whether the decision-maker has arrived at a definitive position on the issue that inflicts an actual, concrete injury" (Church of St. Paul & St. Andrew v Barwick, 67 NY2d 510, 519 [1986], cert denied 479 US 985 [1986] [internal quotation marks and citation omitted];

---

[1] In a separate declaratory judgment action, petitioners seek a declaration limiting the Town's review of the environmental impact of the project to the record already produced as part of the full State Environmental Quality Review Act process. We have granted petitioners this relief in Troy Sand & Gravel Co., Inc. v Town of Nassau, ___ AD3d ___ , supra).

accord <u>Matter of Essex County v Zagata</u>, 91 NY2d at 453).

Petitioners argue that an injury has been inflicted upon them that cannot be ameliorated by further proceedings because petitioner will have to incur additional expenses in undergoing a review process that it alleges the Town Board is not authorized to conduct.  However, at this stage of the proceeding, the Town Board has merely rescinded its resolution in response to our prior decision vacating the preliminary injunction (see <u>Troy Sand & Gravel Co., Inc. v Town of Nassau</u>, 101 AD3d at 1506-1507), and we have now held in the declaratory judgment action that the Town's determination of the proposed quarry's environmental impact must necessarily be based on the environmental impact statement record (<u>Troy Sand & Gravel Co., Inc. v Town of Nassau</u>, _ _ AD3d at ___).  Accordingly, any harm to petitioner at this stage is merely speculative, may be ameliorated by further proceedings and is insufficient to warrant judicial review (see <u>Matter of New York State Inspection, Sec. & Law Enforcement Empls., Dist. Council 82, AFSCME, AFL-CIO v Cuomo</u>, 64 NY2d 233, 240 [1984]; <u>Matter of Adirondack Council, Inc. v Adirondack Park Agency</u>, 92 AD3d 188, 191 [2012]; <u>Matter of Wal-Mart Stores v Campbell</u>, 238 AD2d 831, 832-833 [1997]).

McCarthy, J.P., Egan Jr. and Devine, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court