In the Matter of TOWN OF BRUNSWICK, Appellant, v COUNTY OF RENSSELAER et al., Respondents. [59 NYS3d 826]—

Aarons, J. Appeal from a judgment of the Supreme Court (Elliot III, J.), entered April 8, 2016 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondents' motions to dismiss the petition/complaint.

Respondent Rensselaer County Sewer District No. 1 (hereinafter the County sewer district) acts as an administrative agency of respondent County of Rensselaer. The County created the County sewer district to provide sewage transportation, treatment and disposal services, as well as to, among other things, operate and maintain a sewage interceptor system and waste water treatment plant. Under a sewer rental agreement, the County sewer district leases respondent City of Troy's combined sewer system, which collects both sanitary sewage and storm water from within the City. The combined sewer system is utilized to convey sewage and storm water to the County sewer district's sewage interceptor system and treatment facilities. Certain areas of petitioner discharge their sewage into the County sewer district sewer interceptor system, which then conveys it to the County sewer district's wastewater treatment plant. Pursuant to a long term agree-

ment, petitioner agreed to pay the City an annual rate to use its sewer system as operated by the County sewer district.

During times of heavy precipitation, the amount of sewage and precipitation entering the City's combined sewer system exceeds its capacity and creates combined sewer overflows (hereinafter CSOs). The CSOs are then discharged into the Hudson River pursuant to a State Pollutant Discharge Elimination System (hereinafter the SPDES) permit. The City holds a SPDES permit issued by respondent Department of Environment Conservation (hereinafter DEC). The SPDES permit contains, among other things, a best management practice for CSOs (hereinafter BMP No. 9), which addresses sewer extensions.

Petitioner commenced this combined CPLR article 78 proceeding/declaratory judgment action challenging, among other things, BMP No. 9 and clauses in the sewer rental agreement that require petitioner to pay for sewer extensions. Petitioner also sought relief in the form of a writ of mandamus to compel against the County sewer district and a writ of prohibition against the County sewer district, DEC and the City. Respondents separately moved to dismiss the petition/complaint. Supreme Court granted the motions. Petitioner now appeals.[1] We affirm.

Turning first to petitioner's claim for a writ of prohibition against DEC, assuming, without deciding, that petitioner has legal capacity to sue DEC, we nonetheless conclude that Supreme Court properly granted DEC's motion to dismiss on the basis that petitioner lacked standing. To establish standing, petitioner is required to demonstrate that it suffered an "injury in fact, which harm falls within the zone of interests, or concerns, sought to be promoted or protected by the statutory provision under which the agency has acted" (*Matter of Colella v Board of Assessors of County of Nassau*, 95 NY2d 401, 409-410 [2000] [internal quotation marks and citation omitted]; *see Lancaster Dev., Inc. v McDonald*, 112 AD3d 1260, 1261 [2013], *lv denied* 22 NY3d 866 [2014]). In order to establish an injury in fact, petitioner must show that it "will actually be harmed by the challenged administrative action . . . [and that] the injury [is] more than conjectural" (*New York State Assn. of Nurse Anesthetists v Novello*, 2 NY3d 207, 211 [2004]).

---

1. Petitioner concedes in its brief that respondent Rensselaer County Water and Sewer Authority is not a necessary party to this matter and does not challenge its dismissal from the proceeding/action.

Petitioner's claimed injury in fact is that it has been hampered in its ability to determine when to form or extend its own sewer districts within its territory. Petitioner rests this claim on the notion that DEC, through BMP No. 9, delegated its authority to make the final determinations with regard to any sewer extensions to the City. The record, however, does not support such notion. DEC is authorized, pursuant to federal and state statutes (*see* 33 USC § 1342 [b]; ECL 17-0808 [3]; 17-0701 [5], [6]; *see Matter of Natural Resources Defense Council, Inc. v New York State Dept. of Envtl. Conservation*, 25 NY3d 373, 383 [2015]), to issue an SPDES permit to the City— which assesses the effect that potential sewer extensions would have on its CSOs (*see* 6 NYCRR 750-2.10 [a]-[c]). DEC is also required to set forth the conditions that apply to the discharge as authorized by the SPDES permit (*see* ECL 70-0117 [5] [c]; [6] [c]). According to BMP No. 9, in the event that the City's sewer system needs to be extended, the City is required to "demonstrate the ability of the sewage system to convey the increased dryweather flows" and to assess the effect that the increased flow of sanitary sewage has on the strength of its CSOs.

In view of this regulatory scheme, DEC required the City to conduct a study to determine whether its sewage system had the capacity to handle an increase in sewage and the effect the increase flow of sewage would have on CSOs. Although a December 2013 letter from DEC advised petitioner that, pursuant to BMP No. 9, DEC's final approval of sanitary sewer extensions in petitioner would be "contingent," in part, on the City's assessment of the effects of extending the sewer system, nothing in BMP No. 9 stated that the City's assessment would be binding upon DEC's ultimate determination or that DEC was relinquishing its decision-making authority.[2] Moreover, a July 2014 letter from the City to petitioner explained that the City's study was only part of DEC's approval process. Notably, the City stated in this letter that it was not making any approvals by virtue of preparing a study. Based on the foregoing, petitioner has not established that DEC improperly empowered the City with the authority to make the final determination with regard to any sewer extensions. Accordingly, we conclude that petitioner has not suffered an injury in fact that is suf-

---

2. We also note that petitioner has not alleged a sufficient injury in fact concerning the effects that BMP No. 9 purportedly has had on its ability to create sewer districts or extend the sewer system (*see Matter of East End Prop. Co. #1, LLC v Kessel*, 46 AD3d 817, 819 [2007], *lv denied* 10 NY3d 926 [2008]).

ficient to confer standing in order to pursue a writ of prohibition against DEC (*see Lujan v Defenders of Wildlife*, 504 US 555, 564 [1992]; *Matter of Town of Islip v Cuomo*, 64 NY2d 50, 56-57 [1984]; *Matter of Gym Door Repairs, Inc. v New York City Dept. of Educ.*, 112 AD3d 1198, 1199 [2013]).[3]

As to petitioner's claim for a writ of prohibition against the City and the County sewer district, such remedy is "an extraordinary remedy that lies only where there is a clear legal right to such relief, and only when the body or officer involved acts or threatens to act without jurisdiction in a matter over which it has no power over the subject matter or where it exceeds its authorized powers in a proceeding over which it has jurisdiction" (*Matter of HCI Distrib., Inc. v New York State Police, Troop B Commander*, 110 AD3d at 1298 [internal quotation marks, brackets, ellipsis and citations omitted]; *see Matter of New York State Health Facilities Assn., Inc. v Sheehan*, 100 AD3d 1086, 1087 [2012], *lv denied* 21 NY3d 853 [2013]). Once again, petitioner premises this claim upon the erroneous belief that DEC delegated final decision-making authority to the City and that the County sewer district was equally culpable in this regard due to its "passive acquiescence." As discussed, however, the record does not indicate that the City acted outside its authority inasmuch as the City must assess the effect that potential sewer extensions would have on its CSOs (*see* 6 NYCRR 750-2.10 [a]). As also discussed, the record does not support petitioner's claim that the City has final decision-making authority over sewer extension requests. Given the absence of evidence that either the City or the County sewer district acted in excess of its authority, a writ of prohibition against them is not warranted.

As to the request for a writ of mandamus, petitioner argues that the County sewer district must be compelled to consider and submit to DEC applications by property owners within its boundaries to connect to a existing sewer system. The record, however, does not establish that applications by such property owners for sewer connections were ever submitted. Accordingly, given that there is no ministerial duty that needs to be performed by the County sewer district, Supreme Court properly held that a writ of mandamus was unavailable (*see generally Matter of Maron v Silver*, 14 NY3d 230, 249 [2010]).

Finally, we conclude that Supreme Court properly dismissed petitioner's claims for declaratory relief inasmuch as such

---

3. For these reasons, even if petitioner had standing, petitioner still would not be entitled to a writ of prohibition against DEC (*see generally Matter of HCI Distrib., Inc. v New York State Police, Troop B Commander*, 110 AD3d 1297, 1298 [2013]).

claims were not ripe for judicial review.[4] Petitioner's request for a declaratory judgment stems from expenses incurred or costs to be allocated stemming from sewer extension requests and improvements. Where, as here, there has been no denial of a sewer extension request and no definite and measurable costs imposed upon petitioner, it is unable to demonstrate any direct or immediate impact resulting from an administrative action or establish that it has incurred an actual, concrete injury so as to make its claims ripe for judicial review (*see Matter of Troy Sand & Gravel Co., Inc. v Town of Nassau*, 125 AD3d 1188, 1189-1190 [2015]; *Matter of Town of Riverhead v Central Pine Barrens Joint Planning & Policy Commn.*, 71 AD3d 679, 681-682 [2010]). Furthermore, petitioner has not provided any evidence that demonstrates that the County sewer district delegated its responsibilities or violated County Law article 5-a. Nor can petitioner challenge the propriety of applying the sewer rental agreement to a sewer extension, as any potential costs imposed upon petitioner have yet to be determined (*see Matter of Adirondack Council, Inc. v Adirondack Park Agency*, 92 AD3d 188, 191 [2012]; *Swergold v Cuomo*, 70 AD3d 1290, 1293 [2010]). As such, petitioner's claims for declaratory relief are not ripe for judicial review. We have considered petitioner's remaining contentions and find them to be without merit.

McCarthy, J.P., Lynch, Devine and Clark, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

**4.** While petitioner seeks declaratory relief as its third, fourth, fifth and sixth causes of action, the City and County sewer district argue that petitioner lacks standing with respect to only petitioner's sixth cause of action. We assume, but do not decide, that petitioner has standing to pursue this claim.