■ In the Matter of Town of Brunswick, Appellant, v County of Rensselaer et al., Respondents. [61 NYS3d 165]—

Aarons, J. Appeal from a judgment of the Supreme Court (Elliot III, J.), entered April 4, 2016 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motions to dismiss the petition.

The facts underlying this matter are more fully set forth in the companion case (*Matter of Town of Brunswick v County of Rensselaer*, 152 AD3d 1108 [2017] [decided herewith]). As relevant here, the Clean Water Act (33 USC § 1251 *et seq.*) requires a party holding a State Pollutant Discharge Elimination System (hereinafter SPDES) permit to develop a long term control plan (hereinafter LTCP) to decrease the discharge of combined sewer overflows (hereinafter CSOs). Respondent County of Rensselaer, as well as five other municipalities that are located within the greater Albany area and operate over 90

CSO outfalls to the Hudson River, submitted an LTCP to the Department of Environmental Conservation (hereinafter DEC). DEC deemed parts of the LTCP to be inadequate and, as a result, the municipalities, along with respondent Rensselaer County Sewer District No. 1 and others, entered into an administrative consent order that contained a compliance schedule governing the revision and implementation of certain improvement projects designed to decrease CSO discharge into the Hudson River.

Petitioner commenced this proceeding seeking a writ of mandamus compelling the County and Rensselaer County Sewer District No. 1 to comply with the procedural requirements of County Law § 268. Respondents separately moved to dismiss the petition. Supreme Court granted the motions holding, among other things, that petitioner did not have standing to commence this proceeding. Petitioner now appeals. We affirm.

We conclude that Supreme Court properly dismissed the petition on the basis that petitioner lacked standing to bring this proceeding. "Standing is a threshold determination . . . that a [party] should be allowed access to the courts to adjudicate the merits of a particular dispute that satisfies the other justiciability criteria" (*Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 769 [1991] [citations omitted]). As relevant here, when a county board of supervisors determines that it is necessary to, among other things, make improvements to the county's sewage facilities or structures, it must prepare a map and plan of the proposed improvement along with an estimated cost, call a public hearing and provide notice of the hearing, make a determination as to whether the proposed improvement is in the public interest and obtain approval from the State Comptroller for expenditures in excess of the county budget (*see* County Law §§ 268 [1], [3]; 278 [1]). Petitioner alleged that respondents failed to comply with these provisions and argues that it has standing under County Law § 255, which, according to petitioner, permits a municipality to represent its citizens at a public hearing.

In our view, petitioner misplaces reliance on County Law § 255. That statute provides that, "[a]t the public hearing on the establishment of a county [sewer] district . . . , the inhabitants of [a] city, village or district may be represented" at such public hearing "by an officer or official of the municipality or district duly designated by the governing body of the municipality or district" (County Law § 255). This proceeding, however, does not concern "the establishment of a county [sewer]

district" (County Law § 255). Given that County Law § 255 is very specific as to the circumstances in which a municipality, such as petitioner, may appear at a hearing on behalf of its citizens, and such circumstances are not present here, this statute does not confer standing upon petitioner to challenge respondents' alleged noncompliance with County Law § 268. Petitioner's remaining contentions either lack merit or have been rendered academic in light of our determination that petitioner lacked standing to commence the CPLR article 78 proceeding.

McCarthy, J.P., Lynch, Devine and Clark, JJ., concur. Ordered that the judgment is affirmed, without costs.